UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMMANUEL C. PRICE, CDCR #G-51247,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　vs.<br><br>TINA SCOTT, et al.<br><br>　　　　　　　　　　Defendants. | Case No.: 3:16-cv-00411-DMS-NLS<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND 28 U.S.C. § 1915A(b)(1)** |

　　　IMMANUEL C. PRICE ("Plaintiff"), a prisoner currently incarcerated at California State Prison, Los Angeles County, in Lancaster, California, is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed in forma pauperis, but dismissed his First Amended Complaint ("FAC") for failing to state a claim with leave to amend. (ECF Nos. 16.) Plaintiff has since filed a Second Amended Complaint ("SAC") (ECF No. 19), but because it still fails to state a claim, the Court now dismisses the entire action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) without further leave to amend.

///

**Background**

Plaintiff continues to contend, as he did in both his original and FAC, that City of La Mesa Police Department Sergeant K. Lynch, Detective Tina Scott, and an unidentified "John Doe" San Diego County Jail property officer violated his Fourth Amendment rights after his arrest due to a "domestic dispute with his spouse" on February 28, 2014.[1] (ECF No. 19 at 3.) He seeks $200,000 in general and punitive damages, in addition to $100,000 for his "pain and suffering." (*Id.* at 8.)

**Discussion**

**A.    Legal Standards for Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

Because Plaintiff remains a prisoner and is proceeding IFP, his SAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

---

[1] Plaintiff's FAC also alleged a "due process" violation against the unknown John Doe San Diego County Jail Property Officer based on the deprivation of his property. *See* FAC (ECF No. 12) at 3. While the Court also dismissed those claims with leave to amend, Plaintiff's SAC alleges only a Fourth Amendment violation. (ECF No. 19 at 3-4). Therefore, Plaintiff's due process claims are considered waived. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

The Prison Litigation Reform Act requires the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these screening statutes, the Court must sua sponte dismiss complaints, or any portions of them, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010), but it "may not supply essential elements of the claim that were not initially pled." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (citations omitted).

**B.     Allegations in Second Amended Complaint**

Plaintiff's SAC repeats the same essential facts as did his FAC: he contends that he was arrested at his home on February 28, 2014, after an "alleged domestic dispute with [his] spouse, Sherra Johnson," and was thereafter booked into San Diego County Jail, where "a set of keys to Plaintiff's car and then residence," were seized and held by a "John Doe" property officer. (SAC at 3.) Plaintiff claims Detective Scott and Lynch, as part of their investigation, "obtained a letter" asking the San Diego Jail property office to "turn over Plaintiff's keys," which were then used, with Johnson's permission, to access the residence Plaintiff admits he "shared" with his spouse. (SAC at 3-4.) Plaintiff claims this violated his right to be free of "unreasonable search and seizure" because it happened "[a]ll without [his] consent." (*Id.* at 4.)

Plaintiff's SAC, like his FAC, still fails to state a Fourth Amendment claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b). This is because he continues to allege his keys were on his person at the time of his arrest, and seized when he was booked at the San Diego County Jail. "At the stationhouse, it is entirely proper for police to remove and list or inventory property found on the person or in the possession of an arrested person who is to be jailed." *Illinois v. Lafayette*, 462 U.S. 640, 646 (1983). Searches during the booking process are "incidental administrative step[s]" that do not violate either the Fourth Amendment's preclusion against warrantless searches and seizures, *id.* at 643-48, or the California Constitution. *People v. Hovey*, 44 Cal.3d 543, 570-71 (1988); *see also Vetter v. Ayers*, No. CV 06-1728-R (RC), 2009 WL 3672829, at *8 (C.D. Cal. Nov. 3, 2009) (finding no Fourth Amendment violation based on booking search at Long Beach Police Station and seizure of address book found in defendant's pants).

To the extent Plaintiff also continues to challenge the validity of a warrantless entry of his home after he was arrested, he fares no better, for he admits Defendants delivered his keys to Johnson, whom he admits used them to "gain access" into their "shared residence." *See* ECF No. 19 at 4. The Supreme Court's cases "firmly establish that police

officers may search [or enter] jointly occupied premises if one of the occupants consents." *Fernandez v. California*, 134 S. Ct. 1126, 1129 (2014). For example, a person with common authority over property can consent to a search of that property, or in this case to enter into such property, without the permission of the other persons with whom she shares that authority. *Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990); *see also Roston v. Long*, No. 15-CV-00729-YGR (PR), 2016 WL 1191686, at *11 (N.D. Cal. Mar. 28, 2016). Plaintiff's spouse's use of his keys to permit Defendants to "gain access" to their "shared residence," (SAC at 4), is a valid entry even if, as is the case here, he later objects but was "absent due to a lawful detention or arrest." *Fernandez*, 134 S. Ct. at 1134; *see also United States v. Moore*, 770 F.3d 809, 813 (9th Cir. 2014) (Fourth Amendment permitted police to use battering ram to gain access to the home defendant shared with his fiancée, where fiancée was locked out and expressly consented to warrantless search).

Based on this authority, the Court finds Plaintiff's Second Complaint still fails to state a plausible Fourth Amendment claim. *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

## Conclusion and Order

The Court dismisses Plaintiff's Second Amended Complaint and this civil action in its entirety for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), denies leave to further amend as futile, *see Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."), certifies that an IFP appeal of this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and directs the Clerk of Court to enter judgment and close the file.

IT IS SO ORDERED.

Dated:  February 28, 2017

Hon. Dana M. Sabraw
United States District Judge